## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | Bankruptcy Case No. 20-12522 (JTD) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| CITY OF ROCKFORD, ILLINOIS, *et al.*, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-1746-LPS |
| | : | Bankr. BAP No. 21-83 |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **27th** day of **January, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

This appeal relates to a November 29, 2021 order of The Honorable John T. Dorsey extending for an additional 90 days an existing preliminary injunction of certain litigations against certain non-Debtors.  D.I. 1  Per this Second Extension Order and absent further extension, the injunction will expire on February 28, 2022.

In the Initial Order by the Bankruptcy Court on December 4, 2020, an injunction was entered for 270 days.  In response to Appellants leave to appeal this Initial Order, this Court found it was not a final order, and Appellants did not meet the standards for interlocutory appeal.  *See* 20-mc-408-LPS Mem. Ord. dated February 12, 2021.

Prior to the expiration of the Initial Order, the Debtors sought and obtained a first 90-day extension of it, which extended the injunction up to and through November 29, 2021 (First Extension Order).  Appellants sought to appeal this Order, but did not seek leave for interlocutory appeal.  *See* 21-1303-LPS Notice of Appeal.  Thereafter, this judge recommended that the proceedings be withdrawn from mandatory mediation.  *See* Recommendation 21-1303-LPS on November 2, 2021.  This Court withdrew the matter from mandatory mediation, but did not set a briefing schedule.  The First Extension Order has now been superceded by the Second Extension Order.

As to the present appeal. Appellants have not sought leave for interlocutory appeal.   However, the parties agree that mediation would not be fruitful and request the matter be removed from mandatory mediation.  Where the parties disagree is on the appropriate briefing schedule.

Appellants argue that the extension of the preliminary injunction for the additional 90 days operates as a permanent injunction given the procedural status of the case, that is, the plan confirmation is ongoing and that the Amended Plan, as proposed,

converts all existing injunctions into permanent ones through the Effective Date, thereby removing any "preliminary" nature, making the Extension Order a final order. Therefore, Appellants had no need to seek leave to file an interlocutory appeal, and Appellees have not filed a motion to dismiss. Appellants propose the following briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | February 1, 2022 |
| Appellees' Response Brief | March 4, 2022 |
| Appellants' Reply Brief | March 18, 2022 |

Appellees maintain the setting a briefing schedule at this stage is premature. They also do not agree that this appeal is properly before the Court, in light of its prior holding of the appeal on the Initial Order making the Second Extension not a final order. They contend that Appellants are required to request leave for interlocutory appeal, and have not done so. Further, they argue that the Debtors' plan of reorganization does not contemplate conversion of the Extension Order into permanent injunction. As of January 4, 2022, the Plan had not been confirm and cannot have any effect on the Extension Order, and therefore the appeal from this order is not properly before this Court.

Appellees contend that if this Court declines to summarily dismiss this appeal, the appeal should be held in abeyance pending the developments in the Bankruptcy Court. As of January 4, 2022, the Bankruptcy Court was holding multi-day closing arguments relating to confirmation of the Plan and thereafter will need time tp render a decision, which will likely affect the parties' positions and arguments on this appeal. Moreover, the Appellants have sought to withdraw all of their proofs of claim in the Debtors' cases, which, if successful, will likely alter the parties' position and arguments

on this appeal.

      THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed in some fashion through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

      Local counsel are obligated to inform out-of-state counsel of this Order.

      /s/ Mary Pat Thynge
      Chief U.S. Magistrate Judge Mary Pat Thynge